## State Police Civic Association Petition

*John C. Sullivan*, for State Police Civic Association.

*Ronald M. Katzman*, for Retired State Police Association.

SWOPE, *P.J.*, July 31, 1978—This matter is before the court on a motion for partial summary judgment filed by petitioner, the State Police Civic Association. Petitioner and respondents, including the Retired State Police Association and five retired members of the State Police Civic Association, have agreed to have the issue of membership in the State Police Civic Association determined preliminarily in partial disposition of the proceedings. Before addressing petitioner's motion, we shall briefly review the pleadings and orders which have been filed in this matter.

On December 14, 1976, petitioner filed a petition

for judicial supervision of voluntary dissolution of a corporation not for profit in the Court of Common Pleas of Dauphin County, Orphans' Court Division. On December 29, 1976, this court issued a rule to show cause upon all persons claiming membership in the State Police Civic Association to answer why the relief requested by petitioner should not be granted. On March 19, 1977, the Retired State Police Association and five retired members of the State Police Civic Association filed an answer to the petition for judicial supervision in which they challenged the validity of the institution of dissolution proceedings. Respondents maintained, inter alia, that a majority of those persons who were actual members of the State Police Civic Association did not vote in favor of dissolution. Respondents argued that those persons denominated as "active members" by petitioner had resigned their membership prior to April 26, 1975, by operation of article VIII, par. 6, of the association's bylaws for being in arrears in the payment of dues for a period of six months and that therefore they were ineligible to vote on the question of dissolution. According to respondents, the only persons who were properly members of the association and who were rightfully entitled to vote on the issue of dissolution on May 7, 8, and 9, 1975, were the "retired" members who pursuant to article IX, par. 11, of the association's bylaws were relieved of the obligation to pay dues. Respondents admit that a majority of the ballots cast on the above dates favored dissolution but insist that a majority of those persons who were actual members voted against dissolution of the association.

On July 26, 1977, petitioner filed the present motion for partial summary judgment seeking a de-

termination that the actual membership in the State Police Civic Association on May 7, 8, and 9, 1975, and times thereafter consisted of 3,315 "active" members and 962 "retired" members. On February 16, 1978, respondents filed a motion to withdraw answer. Argument was heard on respondents' motion and on petitioner's motion for partial summary judgment on March 20, 1978. Although he failed to present arguments against petitioner's motion, counsel for respondents did indicate while addressing his own motion that his clients were now in favor of dissolving the State Police Civic Association under court supervision and therefore wished to withdraw their previous objections to the procedure which culminated in the passing of the dissolution resolution. At the same time, respondents sought to preserve the issue of membership as it related to the question of distribution for a later stage in the proceedings. Because this attempt to delay the disposition of the membership issue was inconsistent with the agreement reached by the parties and the understanding of this court, we entered an order denying respondents' motion to withdraw answer insofar as it sought to achieve this end.

Although the Supreme Court Orphans' Court Rules do not provide for a motion for summary judgment, Rule 31 states that the procedure in Orphans' Court is to be in conformity ". . . to the pleading and practice in equity in the local Court of Common Pleas." There are no local equity rules in Dauphin County. The Pennsylvania Supreme Court Rules in Equity do not specifically provide for summary judgment, but do provide by Pa.R.C.P. 1501 that the procedure shall be in accordance with the rules relating to the action of assumpsit. There,

provision is made for a motion for summary judgment by Pa.R.C.P. 1035 which provides in part:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

"(b) . . . A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

"(c) If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Although the term "partial summary judgment" is properly used only with respect to the interlocutory judgment of liability which is provided in subdivision (b) of Pa.R.C.P. 1035: see 2 Goodrich-Amram Rule 1035; we shall proceed on petitioner's motion to determine whether a sufficient number of material facts exist without substantial controversy so as to permit a proper disposition of the issue of membership at this time.

A certified copy of an excerpt from the August 29, 1974, board of directors meeting indicating that a moratorium on the payment of dues had been declared effective September, 1974, a copy of the State Police Civic Association's bylaws as they existed on and from August 29, 1974, a copy of the "Notice of Call of Special Meeting of the Membership To Vote Upon Two Resolutions," and an affidavit by the secretary of the association, Robert J. Zinsky, have all been made part of the record in this case.

Upon careful examination of the pleadings and affidavits filed in this case, and after consideration of the arguments presented by counsel, we find that there remains no genuine issue of material fact which prevents our determination of the issue of membership in the State Police Civic Association. A moratorium on the payment of dues was declared upon unanimous vote of the board of directors. (Minutes of special meeting of board of directors, August 29, 1974.) Pursuant to this resolution, collection of dues from non-retired members by payroll deduction was discontinued. (Zinsky affidavit, p. 2; Resolution No. 1, "Notice of Call.") Furthermore, association records indicate that as of August 29, 1974, no member has been notified that his dues were in arrears, suspended, or deemed to have resigned for non-payment of dues. (Zinsky affidavit, p. 2; Resolution No. 1, "Notice of Call.")

The State Police Civic Association is a non-profit corporation governed by the Corporation Not-for-profit Code of November 15, 1972, P.L. 1063, 15 Pa.C.S.A. §7101 et seq, and the Nonprofit Corporation Law of 1972, Article B of the Act of November 15, 1972, P.L. 1063, 15 Pa.C.S.A. §7301 et seq. Section 7103 of the Corportion Not-for-profit Code

provides that membership in a corporation is determined by the provisions of its bylaws, the construction of which is a matter of law to be determined by the court: Dugan v. Firemen's Pension Fund of Philadelphia, 372 Pa. 429, 94 A. 2d 353 (1953). Membership in the State Police Civic Association is governed by article III of the association's constitution and articles III and VIII of its bylaws. Respondents admit in their answer that membership in the association on September 4, 1974, consisted of 3,315 "active" dues paying members, and 962 "retired" non-dues paying members.

The bylaws of the association provides that membership ends upon resignation (article III, par. 7), upon leaving the service of the Pennsylvania State Police (article VIII, par. 2), or upon an arrearage in dues payment of six months or more (article VIII, par. 6). In addition, a member shall be considered suspended and disentitled to any benefits if he does not pay all dues owing within 15 days after receiving notice of an arrearage or if he violates any of the rules and regulations set forth in the bylaws or constitution (articles VIII, pars. 5 and 6).

Article VIII, par. 1, of the bylaws provides in part that "All dues shall be paid by payroll deduction to the Association in as nearly equal installments as possible and at such times as the Board of Directors may determine." When the board of directors declared a moratorium on the payment of dues, the usual method of collection by payroll deduction was discontinued and no further demand for payment of dues was made. Thus, while it is true that the "active" members of the association did not pay dues for a period in excess of six months, we do not believe that an arrearage existed which would trigger

the application of article VIII, par. 6, of the bylaws and result in the deemed resignation of every "active" member.

Furthermore, even if we were to find that the moratorium declared by the board of directors did not relieve the non-retired members of the obligation to pay dues, we believe that their membership in the association could not be terminated pursuant to bylaw article VIII, par. 6, absent the giving of reasonable notice as required by section 7545 of the Corporation Not-for-profit Code. Section 7545 provides in part: "(c) Enforcement of Payment.—A nonprofit corporation may make bylaws necessary to enforce the collection of such dues or assessments, including provisions for the termination of membership, *upon reasonable notice*, for non-payment of such dues or assessments, and for reinstatement of membership." (Emphasis supplied.) Therefore, we find that no "active" member's membership has been terminated by reason of his failure to pay any dues after the board of directors' declaration of a moratorium on the payment of dues.

Accordingly, we enter the following

## ORDER

And now, July 31, 1978, petitioner's motion for partial summary judgment is granted and it is hereby determined that on May 7, 8 and 9, 1975, and times thereafter, the membership in the State Police Civic Association included 962 "retired" members and 3,315 "active" members.